IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TINA WILLIS and GARY WILLIS,             3:11-CV-430-BR

       Plaintiffs,

                                            ORDER

v.

NATIONWIDE DEBT SETTLEMENT
GROUP, an Arizona Limited
Liability Company; GLOBAL
CLIENT SOLUTIONS, LLC, an
Oklahoma Limited Liability
Company; and DEBT CARE USA,

       Defendants.


JOSHUA L. ROSS
STEVE D. LARSON
Stoll Stoll Berne Lokting & Shlachter, PC
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204
(503) 227-1600

       Attorneys for Plaintiffs

GEORGE J. COOPER, III
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

**RICHARD W. EPSTEIN**
**REBECCA BRATTER**
Greenspoon Marder, P.A.
100 West Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309
(954) 491-1120

    Attorneys for Defendant Global Client Solutions, LLC

**ROBERT B. MILLER**
Kilmer Voorhees & Laurick, PC
732 N.W. 19th Avenue
Portland, OR 97209
(503) 224-0055

    Attorneys for Defendant Debt Care USA

**BROWN, Judge.**

On November 10, 2011, Magistrate Judge Janice M. Stewart issued two Findings and Recommendation (#54, #55) addressing Defendant Debt Care's Motion (#31) to Compel Arbitration or to Dismiss and the Motion (#18) to Dismiss and the Motion (#22) to Compel by Defendant Global Client Solutions. This matter comes before the Court on the Objections (#59) by Defendant Global to the Findings and Recommendation (#54) and the Objections (#58) by Plaintiffs to the Findings and Recommendation (#55). After the Court set these matters for oral argument and before the hearing on the parties' Objections, the matter was reassigned (#67) to this Article III judicial officer for all purposes. Accordingly, and for the reasons stated on the record at the January 30, 2012, hearing in this matter, the Court considers anew Defendants' pending Motions (#18, #22, #31) and all of the filings the parties have made in connection with these Motions, including

Defendant Global Client Solutions's Objections (#59) and Plaintiff' Objections (#58). As a result, the Court finds it unnecessary to review the Magistrate Judge's Findings and Recommendations (#54, #55), which now are **moot**.

For the reasons stated on the record, the Court **DENIES as premature** Defendants' Motions (#18, #31) to Dismiss **with leave to renew** those Motions at an appropriate time and before an appropriate authority once it is resolved whether there is any binding and enforceable arbitration agreement applicable to Plaintiffs' claims.

Defendants' separate Motions (#22, #31) to Compel Arbitration are **DENIED in part and remain pending in part** as follows:

1.  **Global's Motion (#22) to Compel Aribtration.**

    For the reasons stated on the record, the Court concludes there is an unresolved issue of fact as to whether Plaintiffs and Global mutually assented to an arbitration clause as part of the material terms of their agreement. To this extent, the Court **DENIES in part** Global's Motion (#22). Because of this unresolved issue of fact, § 4 of the Federal Arbitration Act provides the Court must "proceed summarily to the trial thereof."[1] 9 U.S.C. § 4. In order to resolve whether such trial will be to a jury or a bench trial, the Court **directs** Counsel for Plaintiff and Global

---

[1] Section 4 provides a party alleged to have not complied with an arbitration agreement "may demand a jury trial."

to confer and to file **no later than February 10, 2012,** a joint status report reflecting whether the parties have reached agreement as to whether a jury or the Court will be the trier of fact for this summary proceeding. If the parties have not reached an agreement on this issue, they shall set forth in the joint statement a concise statement of their respective positions after which the Court will convene a conference to resolve that dispute.

In addition, in light of the Court's conclusion that an issue of fact remains as to the intent of the parties to form an agreement to arbitrate Plaintiffs' claims, the Court agrees with Plaintiffs and Global that each needs a short period of time to take discovery on this limited question. The Court **directs** counsel to confer and to include in their February 10, 2012, joint status report a proposed schedule to complete discovery and for trial on this question of formation of an agreement to arbitrate.

Finally, the Court **takes under advisement** that part of Global's Motion (#22) to Compel Arbitration which raises Plaintiffs' contention that any arbitration provision to which the parties may have agreed is nonetheless unenforceable due to procedural and substantive unconscionability.

2.  **Debt Care's Motion (#31) to Compel Arbitration.**

For the reasons set out on the record, the Court concludes Plaintiffs should have an opportunity to conduct limited

discovery on the question whether Debt Care is the actual or apparent agent of Defendant Nationwide, which is the sole premise underlying Debt Care's contention that the Court should compel arbitration as between Plaintiffs and Debt Care. Accordingly, the Court **grants** Plaintiffs' request to conduct limited discovery as to that issue. The Court also **directs** counsel for Plaintiffs and Debt Care to confer and to submit **no later than February 10, 2012,** their joint proposed case management schedule for completing this limited period of discovery and their recommendations for the process by which the court should revisit Debt Care's Motion to Compel Arbitration in light of discovery.

Finally, the Court also **takes under advisement** that part of Debt Care's Motion (#31) to Compel Arbitration which raises Plaintiffs' contention that any arbitration provision to which the parties may have agreed is unenforceable due to procedural and substantive unconscionability.

IT IS SO ORDERED.

DATED this 31st day of January, 2012.

_____
ANNA J. BROWN
United States District Judge