IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TINA WILLIS and GARY WILLIS,**                3:11-CV-00430-BR

        Plaintiffs,

                                            OPINION AND ORDER

v.

**NATIONWIDE DEBT SETTLEMENT
GROUP,** an Arizona Limited
Liability Company; **GLOBAL
CLIENT SOLUTIONS, LLC,** an
Oklahoma Limited Liability
Company; and **DEBT CARE USA,**

        Defendants.


**JOSHUA L. ROSS**
**STEVE D. LARSON**
Stoll Stoll Berne Lokting & Shlachter, PC
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204
(503) 227-1600

        Attorneys for Plaintiffs

**GEORGE J. COOPER, III**
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440


1 - OPINION AND ORDER

**RICHARD W. EPSTEIN**
**REBECCA BRATTER**
Greenspoon Marder, P.A.
100 West Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309
(954) 491-1120

      Attorneys for Defendant Global Client Solutions, LLC

**ROBERT B. MILLER**
Kilmer Voorhees & Laurick, PC
732 N.W. 19th Avenue
Portland, OR 97209
(503) 224-0055

      Attorneys for Defendant Debt Care USA

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#134) of Defendant Global Client Solutions, LLC, for Attorneys' Fees and Global's Bill of Costs (#137). For the reasons that follow, the Court **DENIES** Defendant's Motion for Attorneys Fees and request for costs.

## BACKGROUND

    The parties are familiar with the facts of this case from the Court's prior Opinions and Orders. Accordingly, the Court recites only the facts relevant to the pending Motion for Attorneys' Fees and request for costs.

    On April 5, 2011, Plaintiffs filed a class-action Complaint on behalf of themselves and others similarly situated against Defendants for alleged violations of federal and state laws that

2 - OPINION AND ORDER

regulate businesses providing debt-negotiation services.

On June 17, 2011, Global filed a Motion to Dismiss.  In the alternative, Global filed a Motion to Compel Arbitration pursuant to the Global Agreement and the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*.

On July 29, 2011, Defendant Debt Care filed a Motion to Compel Arbitration.  In the alternative, Debt Care USA moved to dismiss Plaintiff's Complaint.

On January 31, 2012, the Court issued an Order in which the Court denied Defendants' Motions to Dismiss as premature.  The Court took under advisement Global's Motion to Compel Arbitration and deferred Debt Care's Motion to Compel Arbitration pending further discovery.  On March 16, 2012, Debt Care filed a Supplemental Motion to Compel Arbitration.

On March 30, 2012, the Court issued an Opinion and Order in which it granted in part Global's Motion to Compel Arbitration conditioned on whether the Court found the parties had agreed to arbitrate Plaintiffs' claims.  In addition, the Court found if the parties agreed to arbitration, Plaintiffs could recover punitive damages if justified, and Global's liability for other damages was not limited to the fees paid by Plaintiffs to Global if Plaintiffs prevailed at arbitration.

Nationwide did not file an appearance in this matter, and, therefore, on April 3, 2012, the Court granted Plaintiffs' Motion

3 - OPINION AND ORDER

for Entry of Default against Nationwide.

On May 22, 2012, the Court issued an Opinion and Order in which it granted Debt Care's Supplemental Motion to Compel Arbitration.

On September 14, 2012, the parties stipulated to a summary trial on written submissions to the Court to decide the sole remaining issue in the matter:  Whether the parties agreed to the arbitration terms that the Court had already found to be enforceable.

On November 19, 2012, the Court issued Findings of Fact and Conclusions of Law in which the Court found Plaintiffs' claims in this matter are subject to the arbitration terms that the Court earlier found to be enforceable.

On December 4, 2012, the Court issued Orders, Final Judgments, and Dismissals referring Plaintiffs' claims against Defendants Debt Care and Global to arbitration.

On December 18, 2012, Global filed a Motion for Attorneys' Fees and a Bill of Costs.

## DISCUSSION

### I.   Attorneys' Fees

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise."  *Grove v. Wells*

4 - OPINION AND ORDER

*Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (quotation omitted).  Global seeks attorneys' fees on the grounds that the Global Agreement contains an attorney-fee provision and Global was a prevailing party in this matter with respect to the issue of arbitration.  Plaintiffs contend Global was not a prevailing party within the meaning of the Global Agreement, and, therefore, Global is not entitled to attorneys' fees.

The Global Agreement provides:

> **Attorneys' Fees and Costs.**  In any action brought by a party hereto to enforce the obligations of any other party hereto, the prevailing party shall be entitled to collect from the opposing party to such action such party's reasonable litigation costs and attorneys' fees and expenses (including court costs, reasonable fees of accountants and experts, and other expenses incidental to the litigation).

Decl. of Rebecca Bratter in Support of Global's Mot. to Compel Arbitration, Ex. 1 at 3.  In addition, Oregon Revised Statute § 20.096(1) provides:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

Accordingly, if Global is a prevailing party under the Global

5 - OPINION AND ORDER

Agreement, this Court must award reasonable attorneys' fees and costs to Global.

As noted, Global contends it is a prevailing party because it achieved success in its effort to compel arbitration of the parties' dispute. Plaintiffs contend Global is not a prevailing party because it did not obtain a judgment against Plaintiffs, establish it was entitled to relief on the merits, or effect an order that materially altered the legal relationship of the parties.

Under Oregon law, the principles of contract interpretation are as follows:

> [The Court's] objective is to ascertain the intention of the parties "based on the terms and conditions of the [contract]." *Id.* at 469, 836 P.2d 703. [The Court] begin[s] with the wording of the [contract], applying any definitions that are supplied by the [contract] itself and otherwise presuming that words have their plain, ordinary meanings. *Id.* at 469-70, 836 P.2d 703. If, from that vantage point, [the Court] find[s] only one plausible interpretation of the disputed terms, [the Court's] analysis goes no further. *Id.* If [the Court] find[s] that the disputed terms are susceptible to more than one plausible interpretation, however, [the Court] examine[s] those terms in the broader context of the policy as a whole. *Hoffman*, 313 Or. at 470, 836 P.2d 703. If [the Court's] consideration of the policy's broader context fails to resolve the ambiguity, then [the Court] will construe the policy against the drafter. . . . *Id.* at 470-71, 836 P.2d 703. In all events, interpretation of [a contract] is a question of law that is confined to the four corners of the [contract] without regard to extrinsic evidence. *Andres v. American Standard Ins. Co.*, 205 Or. App. 419, 424, 134 P.3d 1061 (2006).

6 - OPINION AND ORDER

*Tualatin Valley Housing Partners v. Truck Ins. Exch.*, 208 Or. App. 155, 159-60 (2006)(quoting *Hoffman Constr. Co. v. Fred S. James & Co.*, 313 Or. 464, 469-70 (1992)).

Neither Oregon Revised Statute § 20.096 nor the Global Agreement defines "prevailing party. Accordingly, the Court must presume the phrase has its ordinary, plain meaning.

Plaintiffs point to a number of cases in which courts held under Oregon law that a prevailing party is one who receives damages or a judgment in their favor or one who defeats another's claim for damages on the merits. *See, e.g., Berger Farms v. First Interstate Bank of Or.*, 330 Or. 16, 20 (2000); *Coughlin v. Shimizu Am. Corp.*, 991 F. Supp. 1226, 1232 (D. Or. 1998); *Am. Petrofina Co. of Texas v. D & L Oil Supply, Inc.*, 283 Or. 183 (1978). These cases, however, were decided under the pre-2001 version of Oregon Revised Statute § 20.096(5)(1999), which defined prevailing party for purposes of that provision as "the party in whose favor final judgment or decree is rendered." The Oregon Legislature revised § 20.096 in 2001, removed that definition of "prevailing party," and did not provide another definition.

The Supreme Court has held "prevailing party" is a legal term of art generally defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of*

7 - OPINION AND ORDER

*Health & Human Res.*, 532 U.S. 598, 603 (2001)(quotation omitted). A prevailing party need not prevail on all issues but must succeed on a significant issue that is fundamental to the case *and* establish its entitlement to relief on the merits of its claims.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here Global succeeded in part with respect to its Motion to Compel Arbitration:  *i.e.,* the Court ordered the parties to arbitrate this matter.  Global, however, did not succeed on a significant issue that is fundamental to the case *and* establish its entitlement to relief on the merits of its claims.  In fact, an order granting a motion to compel arbitration is an interlocutory, unappealable order under the FAA rather than a final order.  9 U.S.C. § 16(a).  In addition, the Court severed as unenforceable the forum-selection clause in the Global Agreement, replaced the forum-selection clause with the requirement that arbitration occur within the District of Oregon, and struck as unenforceable those portions of the Limitation of Liability provision in the Global Agreement that precluded recovery for punitive damages and limited Global's liability to the amount of fees that Plaintiffs paid to Global.  Thus, Global did not achieve full success on its request for arbitration.

On this record the Court concludes Global is not a prevailing party within the meaning of that term.  Accordingly, the Court denies Global's Motion for Attorneys' Fees.  The Court,

8 - OPINION AND ORDER

however, denies Global's Motion **without prejudice** on the ground that Global may reraise its request for attorneys' fees before the arbitrator if Global achieves success on the merits of this action in arbitration.  *See Sylvester v. Abdalla*, 137 Or. App. 26, 30 (1995)("Arbitrators have the authority to decide both the law and the facts involved in the cause submitted to them" including "[w]hether attorney fees [are] recoverable under the provisions of [an] agreement" that is the subject of arbitration.).

## II.  Costs

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  Because the Court has concluded Global is not a prevailing party, the Court denies Global's request for an award of costs.  The Court, however, denies Global's request for costs **without prejudice** on the ground that Global may reraise its request before the arbitrator if Global achieves success on the merits of this action in arbitration.

9 - OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Court **DENIES** Global's Motion (#134) for Attorneys' Fees **without prejudice** and **DENIES** Global's Bill of Costs (#137) **without prejudice** and grants Global leave to reraise its Motion and request for costs before the arbitrator if Global achieves success on the merits in arbitration.

IT IS SO ORDERED.

DATED this 7th day of May, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER